Perrine *v.* Taylor.

DAVID C. PERRINE

*v.*

JOHN TAYLOR.

Defendant's privy vault lies within six inches of the cellar wall of com-
plainant's adjoining store, and offensive matter therefrom percolates through
the privy wall, the intervening soil and the cellar wall into the cellar in such
quantity as to render the occupation of the store very uncomfortable. The
privy was built and in use several years before complainant excavated his lot
to build his cellar, and the filth was noticed oozing from the vault during such
excavation.—*Held,* that defendant must abate the nuisance by adopting such
course as will prevent the escape of the filth into the cellar.

NOTE.—Filthy matter percolating through a party wall from a privy into
an adjoining cellar is a nuisance, without regard to the question of negligence,
*Tenant* v. *Goldwin, 2 Ld. Raym. 1089, Holt 500, 1 Salk. 12, 6 Mod. 311; Jacobs*
v. *Worrell, 15 Leg. Int. 139; Ball* v. *Nye, 99 Mass. 582; Griffith* v. *Lewis, 17*
*Mo. App. 605; Jutte* v. *Hughes, 67 N. Y. 267; Fow* v. *Roberts, 108 Pa. St. 489;*
*Kenopsky* v. *Davis, 27 La. Ann. 174;* see *Gregory* v. *New York, 40 N. Y. 273;*
*Fash* v. *Karagh, 24 How. Pr. 347; Allen* v. *Smith, 76 Me. 335; Vai* v. *Weld,*
*17 Mo. 232;* or through a defective drain, of which defendant was ignorant,
*Humphreys* v. *Cousins, 36 L. T. (N. S.) 180, L. R. (2 C. P. D.) 239; Russell*
v. *Shenton, 3 Q. B. 449; Chauntler* v. *Robinson, 4 Exch. 163; Hawkesworth* v.
*Thompson, 98 Mass. 77; Harris* v. *Cohen, 50 Mich. 324; Scott* v. *Simons, 54 N.*
*H. 426; Manning* v. *Lowell, 130 Mass. 21; Sturges* v. *Theological Society, Id.*
*414;* see *Loupe* v. *Wood, 51 Cal. 586; Kohlhammer* v. *Weisbach, 90 Ill. 311.*

And, *a fortiori,* if plaintiff's injury be aggravated, (*e. g.*) by polluting the
water of his well, *Womersley* v. *Church, 17 L. T. (N. S.) 190; Ballard* v. *Tom-*
*linson, L. R. (29 Ch. Div.) 115,* reversing *S. C., 27 Ch. Div. 194; Hipkins* v.
*Birmingham Gas Light Co., 5 H. & N. 74, 6 H. & N. 250; Kingsbury* v.
*Flowers, 65 Ala. 479; Ottawa Gas Light Co.* v. *Graham, 28 Ill. 73, 35 Ill. 346;*
*Decatur Gas Light Co.* v. *Howell, 92 Ill. 19; Greencastle* v. *Hazelett, 23 Ind. 186;*
*Clark* v. *Lawrence, 6 Jones Eq. 83; Woodward* v. *Aborn, 35 Me. 271; Sherman*
v. *Fall River Iron Works Co., 5 Allen 213; Mears* v. *Dole, 135 Mass. 508;*
*Carhart* v. *Auburn Gas Light Co., 22 Barb. 297; Pottstown Gas Co.* v. *Murphy,*
*39 Pa. St. 257; Haugh's Appeal, 102 Pa. St. 42; Shuter* v. *Philadelphia, 3*
*Phila. 228; Columbus Gas Light Co.* v. *Freelan, 12 Ohio St. 392;* see *Monk* v.
*Packard, 71 Me. 309; Adams* v. *Walker, 34 Conn. 466.*

It has been held that malice must be shown, *Brown* v. *Illius, 25 Conn. 583,*
*27 Conn. 84,* [criticised in *Kerr on Inj. 390*] ; *Atty.-Gen.* v. *Sheffield Gas Co., 3*
*De G. M. & G. 304; Chesley* v. *King, 74 Me. 164;* see, however, *Woodward* v.

Perrine *v.* Taylor.

*Mr. Chilion Robbins,* for complainant.

*Mr. E. W. Arrowsmith* and *Mr. Charles Haight,* for defendant.

Bird, V. C.

The complainant owns a large store-house, with cellar underneath. The defendant owns an adjoining lot, on which is a hotel in which he accommodates daily about forty guests. The privy used by these guests and the transient customers is located within six inches of the foundation walls of the complainant's store. The vault to this privy is several feet in depth, but perhaps not so deep as the cellar under the store. There is a drain-pipe from the privy, the bottom of which is about thirty-one inches from the bottom of the vault.

The excavations for the cellar under the store were made about four years ago. About the time they were completed large quantities of matter, chiefly liquid, came into this cellar. It was so offensive as to attract the attention of the board of health. This matter came through the ground in the region of

Aborn, 35 Me. 271; Upjohn v. Richland Township, 46 Mich. 542; Frazier v. Brown, 12 Ohio St. 294; Chatfield v. Wilson, 28 Vt. 49; 2 Southern Law Rev. (N. S.) 396; Bonnell v. Smith, 53 Iowa 281; Pickard v. Collins, 23 Barb. 444, 28 Am. Rep. 101 note; Gallagher v. Dodge, 48 Conn. 387; Phelps v. Nowlen, 72 N. Y. 39; Chenango Bridge v. Paige, 83 N. Y. 178; 21 Alb. L. J. 284; 20 Am. Law Reg. (N. S.) 97.

So, if the well be injured by the roots of a tree on a neighbor's land, Buckingham v. Elliott, 62 Miss. 296; see Countryman v. Lighthill, 24 Hun 405; Brock v. Connecticut &c. R. R. Co., 35 Vt. 373; Dubois v. Bearer, 25 N. Y. 123; Sapp v. Roberts, 18 Neb. 299; McCutcheon v. Blanton, 59 Miss. 116; Graves v. Shattuck, 35 N. H. 257; Com. v. Franklin, 133 Mass. 569; Douglas v. Fox, 31 U. C. C. P. 140; Weller v. McCormick, 18 Vr. 397.

So, as to noxious water percolating into an adjoining colliery, Turner v. Mirfield, 34 Beav. 390; or damp from an artificial mound, on which a stable stood, penetrating a party wall, Broder v. Saillard, L. R. (2 Ch. Div.) 692; or water therefrom, Hurdman v. Northeastern Ry. Co., L. R. (3 C. P. Div.) 168; Whitney v. Sanders, 3 Pittsb. 226; or water from one cellar into another, Snow v. Whitehead, L. R. (27 Ch. Div.) 588; Crommelin v. Coxe, 30 Ala. 318; see Pickard v. Collins, 23 Barb. 444; or from a dam or similar erection, Pixley v. Clark, 35 N. Y. 520; Arimond v. Canal Co., 35 Wis. 45; Doerbaum v. Fischer, 1 Mo. App. 149; Hutchinson v. Schimmelfeder, 40 Pa. St. 396; Barkley v. Wil-

Perrine v. Taylor.

and opposite to the privy of Mr. Taylor.   It was seen running through by at least two witnesses.   Since then, on several occasions, similar offensive matter has found its way through the walls into the cellar of the complainant.   The result has proved most nauseating to the occupants, and the possession of the property has been rendered very uncomfortable.

The prayer of the bill is that the defendant shall be ordered to remove the said privy as a nuisance, or to construct such strong and water-tight walls about it as will prevent the escape of any deposits.

The defendant admits that the alleged offensive matter is a nuisance to the occupants of the store; but he insists that it comes not from his privy, but from some other source.   He says that in excavating the cellar for the store, there were discovered two old drains and two old privies.   The drains were in use at the time, but the privies had been disused for many years.   One of the privies was entirely removed, both foundation and contents, and I believe the other was too, or so nearly so as not to be capable of producing, after the lapse of fifty-five

cox, 86 N. Y. 140; or from an excavation, Quinn v. Chicago, B. & Q. R. R. Co., 63 Iowa 510; S. C., 23 Am. Law Reg. (N. S.) 515 note; Wilson v. New Bedford, 108 Mass. 261; Delaware Division Canal v. Commonwealth, 60 Pa. St. 367; McCurdy v. Noak, 17 L. J. Ch. (N. S.) 165; Mairs v. Manhattan Co., 89 N. Y. 498; see Davis v. New Bedford, 133 Mass. 549; Vanderwiele v. Taylor, 65 N. Y. 341; Barkley v. Wilcox, 86 N. Y. 140; and water flowing from a roof against a neighbor's wall which it penetrates; and it is no defence that such wall is not well built and impervious, Gould v. McKenna, 86 Pa. St. 297; Bellows v. Sackett, 15 Barb. 96; Hazeltine v. Edgmand, 35 Kan. 202; Underwood v. Waldron, 33 Mich. 232; see Thomas v. Kenyon, 1 Daly 132; Aiken v. Benedict, 39 Barb. 400; McCourt v. Eckstein, 22 Wis. 153; and a range whose ordinary use damaged plaintiff's goods through a party wall, Grady v. Wolsner, 46 Ala. 381.

For the rules governing cases where it was difficult to determine whether the water was surface or subterranean, see Saddler v. Lee, 66 Ga. 45; Burroughs v. Satterlee, 67 Iowa 396; Strait v. Brown, 16 Nev. 317; Hodgkinson v. Ennor, 4 B. & S. 229; Van Wycklen v. Brooklyn, 41 Hun 418; Hall v. McClea, 53 Cal. 578; Cross v. Kitts, 69 Cal. 217.

As to the owner's liability to third persons while the premises are in his tenant's possession, see Cook v. Montague, 26 L. T. (N. S.) 471, L. R. (7 Q. B.) 418; Rex v. Pedly, 1 Ad. & El. 822; 6 Am. L. Rev. 624; Smith v. Humbert, 2 Kerr 602; Fow v. Roberts, 108 Pa. St. 489; Ward v. Gardner (Pa.),

Perrine v. Taylor.

years, the most obnoxious odors complained of. The old drains
were not only cut off, but so diverted or provided for as to be
out of the question.

If the testimony of the witnesses in this case is believed, it
seems most plain indeed that the matter complained of in the
bill comes directly from the privy of Mr. Taylor. I have read
the entire volume of testimony with the greatest attention, and
it persuades me beyond a doubt, since the health of the occu-
pants of the store is so intimately associated with the condition
of that cellar, that I would be quite remiss in my duty did I
not advise an injunction. I will advise an injunction that the
defendant abate the nuisance complained of within thirty days
after service of a copy of the decree. I will not specify how it
shall be done—that is, that he shall move the present privy or
reconstruct it, so as to make the walls impervious and to pre-
vent all leakage or overflow, or otherwise. If he prevents the
flow of the deposit on the complainant, he will have complied
with the law and what I deem to be the just rights of the par-

22 Cent. L. J. 381; Jackman v. Arlington Mills, 137 Mass. 277; Lowell v.
Spaulding, 50 Am. Dec. 776 and note.

And his liability to his tenant, Alston v. Grant, 3 El. & Bl. 128; Mendel v.
Fink, 8 Ill. App. 378; Greene v. Hayne, 10 Id. 598; Priest v. Nichols, 116
Mass. 401; Toole v. Beckett, 67 Me. 544; Ingwersen v. Rankin, 18 Vr. 18, 20
Vr. 481; Jackson v. Odell, 9 Daly 371; West Side Savings Bank v. Newton, 57
How. Pr. 152; Colclough v. Niland (Wis.), 32 N. W. Rep. 119; see Taylor v.
Bailey, 74 Ill. 178; Boreel v. Lawton, 90 N. Y. 293; Shindelbeck v. Moon, 32
Ohio St. 264.

And when both are liable to third persons, McCallum v. Hutchinson, 7 U.
C. C. P. 508; Wenzler v. McCotter, 22 Hun 60, 87 N. Y. 122; Swords v. Edgon,
59 N. Y. 28; Irvin v. Fowler, 5 Rob. (N. Y.) 482; see Hallock v. Scheyer, 33
Hun 111; Blood v. Spaulding, 57 Vt. 422.

When the owner is liable for damages caused to a tenant of the lower
story of a building, by the overflowing of a water-closet on an upper story,
through another tenant's using it in the usual way, Marshall v. Cohen, 44 Ga.
489; White v. Montgomery, 58 Ga. 204; Freidenburg v. Jones, 63 Ga. 612, 66
Ga. 505; but see Allen v. Smith, 76 Me. 335; Weston v. Tailors of Potterow,
Hay 66; or the overflowing of a water-pipe, Vann v. Rouse, 94 N. Y. 401; Brown
v. Elliott, 4 Daly 329; but see Carstairs v. Taylor, L. R. (6 Exch.) 217; Ross v.
Fedden, L. R. (7 Q. B.) 661; Stevens v. Woodward, L. R. (6 Q. B. Div.) 318;
Simonton v. Loring, 68 Me. 164, 28 Am. Rep. 32, note; Mendel v. Fink, 8
Ill. App. 378; McCarthy v. York Co. Sav. Bank, 74 Me. 315; Harris v. Cohen,

ties. The order should be made absolute. Let the costs of this motion await the final decree.